UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-366 |
| | : | |
| GARY EDWARDS, | : | Honorable James E. Boasberg |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
TO AMEND CONDITIONS OF PROBATION**

The United States of America opposes defendant Gary Edwards' motion to amend his conditions of probation, specifically allowing him to vacation in Florida for approximately six weeks from March 25, 2022, through May 2, 2022. The Government has conferred with Mr. Edwards' probation officer, and the U.S. Probation Office ("USPO") concurs with the Government's opposition to the motion.

On September 27, 2021, Mr. Edwards pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). At sentencing, the Government recommended 14 days of incarceration. On December 20, 2021, the Court sentenced Mr. Edwards to 12 months of probation, 200 hours of community service, a $2,000 fine, and $500 in restitution. *See* ECF No. 20. During sentencing, the Court, in addressing Mr. Edwards and his conduct at the Capitol Building on January 6, 2021, noted the seriousness of the offenses committed at the Capitol, including Mr. Edwards' conduct, notwithstanding the fact that Mr. Edwards' conduct did not consist of violence or destruction of property. As part of his sentence of probation, the Court ordered Mr. Edwards, in part, to "not knowingly leave the federal district where [he is] authorized to reside without first getting permission from the court or the probation officer," and to "live at a place approved by the probation officer." ECF No.

29, at 3. Thus, although the Court did not sentence Mr. Edwards to any term of incarceration or home detention, the Court did restrict Mr. Edwards' travel to within his home district.

Currently, Mr. Edwards resides in the Eastern District of Pennsylvania and is supervised by a probation officer in that district. The USPO has already approved Mr. Edwards' request to travel to the adjacent District of New Jersey for the limited purpose of visiting with family, but the USPO objects to his request to vacation in Florida for such an extended period of time.

Unlike the statutes governing the early termination of probation, 18 U.S.C. § 3564(c), and the modification of supervised release, 18 U.S.C. § 3583(e), the statute governing the modification of conditions of probation, 18 U.S.C. § 3563(c), does not require consideration of the 18 U.S.C. § 3553(a) factors. Rather the Court is given "significant discretion" in determining whether to modify conditions of probation. *See United States v. Floyd*, 491 F. App'x 331, 332 (3d Cir. 2012).

While Mr. Edwards complied with the conditions of his pre-trial supervision and has complied with the conditions of his probation so far, vacationing in Florida for six weeks is not a sufficient reason to disturb the conditions imposed by this Court for a serious offense. His request, if granted, would place Mr. Edwards out of his supervising district for over 10 percent of his sentence. Additionally, the currently assigned probation officer would have to coordinate with a probation officer in Florida to determine that office's resources and ability to effectuate supervision for the duration of Mr. Edwards' vacation. As stated above, the USPO objects to Mr. Edwards' request.

Mr. Edwards participated in an attack on the U.S. Capitol Building as Congress was performing one of its most essential democratic functions – certifying the results of the 2020

election.    As the Court is aware, the January 6th Capitol riots have led to criminal charges against over 700 individuals from nearly all 50 states, many of whom have already been sentenced to probationary sentences or will be serving probationary sentences or terms of supervised release in federal districts all over the country.    Granting Mr. Edwards' request would set a precedent that could result in hundreds of other defendants making similar requests that would only serve to add to the already heavy workload of the U.S. Probation Office and its officers that are tasked with the responsibility of supervising these individuals.

In light of Mr. Edwards' offense, the sentence of the Court, and the objection of the U.S. Probation Office, the Government, too, objects to his request, and respectfully asks the Court to deny his motion.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      DC Bar No. 481052

By:   *s/ Christopher D. Amore*
           CHRISTOPHER D. AMORE
           Assistant United States Attorney
           Capitol Riots Detailee
           NY Bar No. 5032883
           555 Fourth Street, N.W.
           Washington, DC 20530
           Christopher.Amore@usdoj.gov
           (973) 645-2757

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, the undersigned served a copy of this memorandum in opposition on opposing counsel via email and the Court' electronic filing system.

                                                *s/ Christopher D. Amore*
                                                CHRISTOPHER D. AMORE
                                                Assistant U.S. Attorney